THE STATE v. FREDERICK FRANKE AND LUDWIG FRANKE.

Where judgment has been obtained for the penalty of a bond for non-performance of covenants or agreements, and execution is awarded on *scire facias* setting up further breaches, costs will be taxed.

On *scire facias*.

*S. B. Ransom* moved for costs on the award of execution for further breaches, after judgment, on a bastardy bond.

SCUDDER, J. A judgment having been obtained for the penalty of this bond, a *scire facias* was issued against the defendants, the principal and surety, to show cause why execution should not be had or awarded, on the judgment, for the breaches happening after the judgment. They made default, damages were assessed, and execution awarded and issued. Costs were not included, and this motion is made to add them to the damages assessed.

The objection to the allowance of costs is based on section 276 of the Practice act (*Rev., p.* 891), which says, that in suits upon

any writ of *scire facias*, the plaintiff obtaining judgment, or award of execution, after plea pleaded, or demurrer joined therein, shall recover his costs, &c. As there was no plea pleaded or demurrer joined in this case, nor appearance having been entered on the return of the rule to show cause, or pleadings filed, it is supposed that there can be no costs taxed on the default.

This section and the prior section, 265, are found in the act concerning costs, passed February 18th, 1795 (*Rev.* 1820, *p.* 168), and are taken, with some changes, from earlier English statutes. Section 265 gives to the plaintiff, in any action, real, personal or mixed, who shall recover debt or damages in such action, judgment to recover his costs against the defendant, to be taxed in the manner prescribed by law. As the proceeding by *scire facias* upon a judgment is only a continuation of the former suit (2 *Tidd* 1096), it would seem that these costs, incurred subsequent to judgment in the same action, would be included in the terms of this section. It was said, in *Knox* v. *Costello*, 3 *Burr.* 1789, that damages for delay of execution cannot be given in a *scire facias*, nor could costs. This appears to have been the rule at common law. But by statute 8 and 9 Wm. III., c. 11, § 3, costs were given in all suits upon any writs of *scire facias*, in the words copied in section 276 of our Practice act; and in the same statute, section 8, where judgment is entered in an action of debt on bond, or on any penal sum for the non-performance of covenants and agreements, it shall remain as security for future breach, &c., and the statute further gives a *scire facias* therefor, with future damages, costs and charges. 2 *Tidd* 881, 1131.

The substance of this section 8 is found in the act concerning obligations (*Rev.*, *p.* 741, § 9), with the allowance of costs when damages are given on further breaches. Whether the defendants plead to the *scire facias* or make default, the proceeding will be the same. The judgment will be a common judgment in *scire facias*, namely, an award of execution. The execution will be for the amount of the debt and costs,

but endorsed to levy the damages and the costs of *scire facias,* only.　2 *Arch. Pr.* 44.

It is said, in 2 *Chit. Arch. Pr.* 1013, that the plaintiff was always entitled to costs on this *scire facias,* even before 3 and 4 Wm. IV., c. 42, § 34, whether the defendant pleaded to it or not, notwithstanding section 3 of 8 and 9 Wm. III., c. 11, gives costs in suits upon writs of *scire facias,* generally, only in cases where the plaintiff obtained an award of execution after plea pleaded or demurrer joined, citing *Brooke* v. *Booth,* 11 *East* 387.　In that case it appears that it had been the practice not to allow costs on default, because the statute (section 3), like ours, only gives costs in *scire facias* after plea and demurrer; but it was held that the giving costs in certain cases in section 3, did not negative the plaintiff's right to costs in another case provided for by a subsequent section in the same statute.　That is this case, and the order will be made, that the plaintiff's costs in *scire facias* be taxed and included in his execution.